**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO:**

ADAM ACHOUR,

    Plaintiff

    v.

ORBIT INTERACTIVE INC.,
a Florida for-profit corporation, and
ALEX CANTOS, individually,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, ADAM ACHOUR ("Plaintiff" or "ACHOUR"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint for Damages and Demand for Jury Trial against Defendants, ORBIT INTERACTIVE INC., ("OII") and ALEX CANTOS ("CANTOS") individually, collectively, ("Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of compensation during the course of his employment. Plaintiff made an effort to obtain his unpaid wages before initiating this lawsuit to no avail. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, and the Florida Minimum Wage Act ("FWA"), pursuant to *Fla. Stat. §448.110*, to recover all overtime and minimum wages owed to Plaintiff during the course of his employment with Defendants.

## **PARTIES**

2. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, OII, was a Florida for-profit corporation, located and transacting business within South Florida, including Miami-Dade, County, within the jurisdiction of this Honorable Court.

4. OII is headquartered and operates its principal location at 168 SE 1st Street, Level PH, Miami, Florida 33131.

5. During all times material hereto, OII was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

6. During all times material hereto, Defendant, CANTOS, was a resident of the Southern District of Florida, and owner of the Defendant company.

7. During all times material hereto, Defendant, CANTOS, was over the age of 18 years, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for OII.

8. During all times material hereto, Defendant, CANTOS was Plaintiff's supervisor.

9. During all times material hereto, Defendant, CANTOS, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

10. During all times material hereto, Plaintiff worked for Defendants, OII and CANTOS, at the company's principal location at 168 SE 1st Street, Level PH, Miami, Florida 33131.

## **JURISDICTION AND VENUE**

11. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

12. Defendants regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216* and *28 U.S.C. §§ 1331* and *1337*.

13. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216* and *28 U.S.C. § 1391(b)*.

14. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to *28 U.S.C. § 1367*.

## GENERAL ALLEGATIONS

15. Defendant, OII, is a digital marketing campaign company, providing clients within the community with advertisement services, such as running ads online and generating more sales online.

## FLSA COVERAGE

16. Defendant, OII, is covered under the FLSA through enterprise coverage, as OII was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, OII's business and Plaintiff's work for OII's benefit affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, OII was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)B)*.

17. During his employment with OII and CANTOS, Plaintiff handled and worked with various good and/or materials that have moved through interstate commerce, including but not limited to the following: tables, office chairs, computers, computer screens, keyboards, pens, pencils, office/printer papers, telephones/cell phones, and other office-related items.

18. Upon information and belief, Defendant, OII, grossed or did business in excess of $500,000.00 during the year of 2019, and is expected to gross in excess of $500,000.00 in 2020.

19. During his employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to the instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently used telephone line systems to make interstate, outbound calls to businesses and entrepreneurs, and to assist in generating sales through ads across state lines. These phone calls were made on a daily basis and were an integral part of Plaintiff's work, and one of Plaintiff's primary duties in furtherance of the fulfillment and distribution of Defendants' services.

20. Based on Plaintiff's own interaction with interstate commerce, Plaintiff is individually covered under the FLSA.

21. During all times material hereto, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA.

22. During all times material hereto, Plaintiff (i) did not have supervisory authority over any individuals, (ii) did not make any decisions of importance on behalf of OII, and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

## **PLAINTIFF'S WORK FOR DEFENDANTS**

23. Plaintiff began working for Defendants on or around August 10, 2020, as a non-exempt, Digital Operations employee, and continued to do so until on or about August 28, 2020.

24. During all time periods pertinent to this Complaint, Plaintiff was economically dependent upon Defendants, OII and CANTOS, for his work and was subject to the control of these Defendants.

25. During all time periods pertinent to this Complaint, Defendants retained the power to hire, fire, discipline, and control company pay practices as they relate to Plaintiff and other company employees.

26. During all time periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendant including sending e-mails to clients, and communicating with clients by using online dialer systems to make outbounds service calls.

27. On average, Plaintiff worked about forty-five (45) hours per week for the benefit of Defendants.

28. However, for one or more weeks of Plaintiff's employment period, Defendants failed to pay Plaintiff at least the state minimum wage rate of $8.56 per hour for all hours of work performed at or below forty (40) in a workweek.

29. Further, for one or more weeks of Plaintiff's employment period, Defendants failed to pay overtime compensation to Plaintiff at time-and-one-half his hourly rate for all hours of work performed in excess of forty (40) in a workweek.

30. Plaintiff issued several complaints to Defendants regarding their failure to compensate him properly for his hours worked but all complaints were ignored by Defendants.

31. In order to enforce his rights to wages under federal law, Plaintiff has been required to retain the undersigned counsel and is entitled to recover attorney's fees and costs.

## COUNT I - FEDERAL OVERTIME WAGE VIOLATIONS - *29 U.S.C. § 207*
**(Against all Defendants)**

32. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 31 as thought set forth fully herein.

33. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

34. During one or more weeks of his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week for which he was not properly compensated.

35. Plaintiff is entitled to recover statutorily prescribed federal overtime wages at a rate of time-and-one-half his regular hourly rate per hour, for all hours worked in excess of forty (40) per week.

36. Plaintiff therefore claims his proper overtime rates for all hours of work he performed in excess of forty (40) during his entire employment period with Defendants.

37. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA as Defendants knew or should have known of the FLSA overtime requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices.

38. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ADAM ACHOUR, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, ORBIT INTERACTIVE INC., ("OII"), and ALEX CANTOS ("CANTOS") individually, (collectively, "Defendants"), and award Plaintiff: (a) double unpaid overtime wages to be paid by the Defendants, jointly and severally;

(b) all reasonable attorney's fees and litigation costs to be paid by Defendants; and (c) any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II - FLORIDA MINIMUM WAGE VIOLATIONS - *Fla. Stat. § 448.110*[1]
### (Against Defendant, OII)

39. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 31 as thought set forth fully herein.

40. Plaintiff alleges this action pursuant to the Florida Minimum Wage Act ("FMWA"), *Fla. Stat. § 440.110*.[2]

41. Plaintiff worked one or more weeks for Defendant, OII, and did not receive at least Florida's 2020 minimum wage rate of $8.56 per hour for all hours of worked performed at or below forty (40) in a workweek.

42. Defendant, OII, failed to pay Plaintiff at least the equivalent of Florida's 2020 minimum wage rate for all hours worked up to forty (40) in one or more workweeks during Plaintiff's employment.

43. Defendant, OII, therefore wrongfully deprived Plaintiff of wages to which he was lawfully entitled pursuant to *Fla. Stat. § 448.110*.

44. Defendant, OII, willfully and intentionally refused to pay Plaintiff's Florida's applicable minimum wage, as Defendant knew or should have known of the state minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices.

---

[1] Plaintiff fully complied with the pre-suit notice requirements set forth under Fla. Stat. § 448.110 by serving the corporate Defendant with written notice of his Florida minimum wage and allowing Defendant fifteen (15) calendar days to remedy the violations prior to filing this lawsuit. Defendant failed to avail itself of this opportunity.

[2] The Florida minimum wage is interpreted in accordance with the FLSA. *See Fla. Stat. §448.110*; FLA. CONST. art. X, §24.

45. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ADAM ACHOUR, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff against Defendant, ORBIT INTERACTIVE INC., ("OII"), and award Plaintiff: (a) double unpaid state minimum wage as provided by the Florida Minimum Wage Act, Fla. Stat. § 448.110; (b) all reasonable attorney's fees and litigation costs as permitted under the Florida Minimum Wage Act; and (c) any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ADAM ACHOUR, requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of November 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Adam Achour*

By: */s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

9

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November 25, 2020.

                                                    By: */s/ Jordan Richards, Esq.*
                                                    JORDAN RICHARDS, ESQUIRE
                                                    Florida Bar No. 108372

**SERVICE LIST:**